# United States District Court

## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| BARRY GREEN, Individually and as Attorney in Fact for Billie Green and BILLIE GREEN, Individually, | § § § | |
| | § | CIVIL ACTION NO. 3:21-CV-963-S |
| v. | § | |
| | § | |
| ALLSTATE TEXAS LLOYDS, INC. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This Memorandum Opinion and Order addresses the motion for remand and request for costs and fees set forth in Plaintiffs' Notice of Motion [ECF No. 4] ("Motion to Remand" and "Request for Costs," respectively). For the following reasons, the Court **GRANTS** the Motion for Remand and **DENIES** the Request for Costs.

## I.     BACKGROUND

This is an insurance claim dispute arising out of storm damage sustained to a house belonging to Plaintiffs Barry Green, Individually and as Attorney in Fact for Billie Green, and Billie Green, Individually ("Plaintiffs"). Plaintiffs filed suit in the 160th Judicial District Court of Dallas County, Texas, asserting several causes of action against Defendant Allstate Texas Lloyds, Inc. ("Defendant"), including breach of contract, unfair claim settlement practices, breach of duty of good faith and fair dealing, prompt payment violations, breach of fiduciary duty, negligent misrepresentation, breach of contract, and fraud. *See* Pl.'s Original Pet. and Req. for Disclosure ("Petition") [ECF No. 1] Ex. 3. Importantly, Plaintiffs sued Defendant "Allstate Texas Lloyds, *Inc.*," an insurance agent, rather than "Allstate Texas Lloyds," a closely related but separate unincorporated association of underwriters that actually underwrote the Greens' insurance policy. *Id* at 1.

Defendant timely removed and asserts that the Court has subject matter jurisdiction because the parties are diverse and the amount in controversy was alleged to exceed $75,000. *See* Defendant's Notice of Removal [ECF No. 1] ("Notice of Removal") 3. Plaintiffs filed the instant Motion to Remand, asserting that removal was improper because the parties are not completely diverse. Mot. to Remand 2. Plaintiffs also request attorney's fees and costs. *Id.* at 2-3.

## II.     LEGAL STANDARD

A civil action brought in a state court of which the federal district courts have original jurisdiction may be removed to the federal district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction, and thus must presume that a cause of action lies outside its limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). Because removal raises significant federalism concerns, removal is strictly construed and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

When the suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) (citations omitted) ("The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists."). Diversity of

citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citations omitted).

"When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) (citation omitted). "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Coury*, 85 F.3d at 249 (citation omitted).

### III.     ANALYSIS

#### A.     *Diversity of Citizenship*

The parties do not dispute that Plaintiffs are citizens of Texas. *See* Notice of Removal 3 ("Plaintiff is domiciled in the state of Texas."); Mot. to Remand 2 ("Plaintiffs, both individuals, reside in Tarrant and Wise County Texas."); *see also Coury*, 85 F.3d at 249 ("A United States citizen who is domiciled in a state is a citizen of that state.").

The parties disagree, however, on how to assess the citizenship of Defendant. Defendant correctly points out that "Plaintiff[s] ha[ve] filed suit against the Attorney in Fact for Allstate Texas Lloyds, Allstate Texas Lloyds, Inc.," rather than Allstate Texas Lloyds itself, an unincorporated insurance entity whose underwriters, according to Defendant, are not domiciled in Texas. Def's Resp. to Pl.'s Mot. to Remand [ECF No. 5] at 3. Defendant urges the court to assess diversity of citizenship using Allstate Texas Lloyds rather than Defendant Allstate Texas Lloyds, Inc., because, according to Defendant, "Allstate Texas Lloyds is the proper party." *Id.* According to the Notice of Removal, Allstate Texas Lloyds "is incorporated in the state of Illinois and its principal place of business is in that state." Notice of Removal 3; *see also Royal Ins. Co. of Am. v. Quinn-L*

3

*Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (the citizenship of an unincorporated association is determined by the citizenship of its members).

Plaintiffs, for their part, focus their attention on the named Defendant, Allstate Texas Lloyds, Inc. They argue that "Defendant, a corporation, [i]s incorporated in Texas and maintains its principal place of business . . . in Irving, Texas in Dallas County." Notice of Removal 3. As evidence of this contention, Plaintiffs attach the most recent Public Information Report and Articles of Incorporation of Defendant Allstate Texas Lloyds, Inc., both on file with the Texas Secretary of State's Office. *See* Mot. to Remand Exs. 1-2.

Plaintiffs are "the master[s] of [their] complaint," *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011), and the choice of which parties to sue lies with them, rather than Defendant or this Court. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties.") (citation and quotation marks omitted) (alteration in original).

Here, Plaintiffs sued Allstate Texas Lloyds, Inc. rather than Allstate Texas Lloyds.[1] Because Defendant Allstate Texas Lloyds, Inc. is incorporated and has its principal place of business in Texas, it is a citizen of Texas. As Plaintiffs are both citizens of Texas, there is no diversity of citizenship, and this case must be remanded to state court.

Defendant's position that Allstate Texas Lloyds is the proper party is immaterial to the question of whether this Court has subject matter jurisdiction to hear this case. The Fifth Circuit has held that a district court cannot "appropriately assert removal jurisdiction by dismissing a

---

[1] The Court notes that the parties have filed an "Agreed Motion for Leave to Amend Pleadings" [ECF No. 6] that would add Allstate Texas Lloyds as a defendant. Not only is diversity of citizenship assessed at the time of filing and time of removal, *Coury*, 85 F.3d at 249, but the proposed amended complaint would not remove Allstate Texas Lloyds, Inc. as a defendant, so the parties would still not be completely diverse even with the addition of Allstate Texas Lloyds.

nondiverse in-state defendant and replacing it with a diverse foreign defendant, where the nondiverse in-state defendant was the only named defendant in the action when the suit was removed." *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 573 (5th Cir. 2006). In other words, a district court cannot "create removal jurisdiction based on diversity by substituting parties." *Id.* The Court "lack[s] the authority to disregard [Plaintiffs'] choice to sue [Allstate Texas Lloyds, Inc.], not [Allstate Texas Lloyds], and assert diversity jurisdiction." *Id.* at 575; *see also Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 596 (5th Cir. 2020) (remanding case filed against Allstate Texas Lloyds, Inc., and holding that attempted removal by nonparty Allstate Texas Lloyds was improper); *De Jongh v. State Farm Lloyds*, 555 Fed. App'x. 435, 438 (5th Cir. 2014) ("The district court lacked the authority to disregard Jongh's choice to sue Lloyds, not State Farm, and assert diversity jurisdiction.").

The Court therefore finds that it lacks subject matter jurisdiction because all of the actual parties in this action at the time of filing and the time of removal—Plaintiffs and Defendant Allstate Texas Lloyds, Inc.—are citizens of Texas.

### B.    *Attorney's Fees and Costs*

Plaintiffs request an award of attorney's fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). Request for Costs 2. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally, courts may award attorney's fees under 28 U.S.C. § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000). Although the Court finds that removal was improper in this case, the Court is unable to conclude that Defendant lacked

an objectively reasonable basis for removing this case. Accordingly, the Court denies Plaintiffs' request for attorney's fees and costs.

## IV.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion for Remand and **DENIES** the Request for Costs. This case is **REMANDED** to the 160th Judicial District Court of Dallas County, Texas, for further proceedings. All other pending motions are **TERMINATED** as moot.

**SO ORDERED.**

SIGNED June 18, 2021.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**